UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **1 PERCENT LISTS FRANCHISES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2153** |
| **SELL SMART, LLC, ET AL.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

Before the Court is Plaintiff 1 Percent Lists Franchises, LLC's ("Plaintiff") Motion to Remand.[1] Defendants Sell Smart, LLC ("Sell Smart"), Ron Harmon, and Jeff Dickinson (collectively, "Defendants") oppose the motion.[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants in part and denies in part Plaintiff's motion to remand. The motion is granted to the extent it requests the case be remanded. The motion is denied to the extent it requests that costs and attorney's fees be awarded to Plaintiff's counsel.

### I. Background

On September 8, 2025, Plaintiff filed a Petition for Damages against Defendants in the 22nd Judicial District Court for the Parish of St. Tammany.[3] Plaintiff alleges that on March 18, 2022, Sell Smart entered into a Franchise Agreement with Plaintiff.[4] The Franchise Agreement

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 13.

[3] Rec. Doc. 1-1.

[4] *Id.* at 1.

1

allegedly granted Sell Smart the right to use "The 1 Percent Lists System" for a period of 10 years.[5] Sell Smart allegedly agreed to pay royalty fees, maintain data provided by Plaintiff as confidential information, maintain an exclusive relationship with Plaintiff, and not participate in any "Competitive Business."[6]

Plaintiff alleges that Harmon and Dickson, as owners and members of Sell Smart, also executed a Guarantee, Indemnification, and Acknowledgment, wherein they individually agreed to be bound by all of the confidentiality provisions and noncompetition.[7] Plaintiff alleges that in around October 2024, Defendants began engaging in "Competitive Business."[8] Plaintiff brings claims for damages caused by Defendants' alleged breach of the Franchise Agreement.[9]

Defendants removed the action to this Court on October 17, 2025, asserting diversity jurisdiction pursuant to Title 28, United States Code, Section 1332.[10] On October 24, 2025, Plaintiff filed the instant motion to remand.[11] Defendants filed an opposition to the motion on November 18, 2025.[12] Plaintiff filed a reply brief in further support of the motion to remand on November 20, 2025.[13]

---

[5] *Id.* at 1–2.

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.* at 4–5.

[10] Rec. Docs. 1 and 4.

[11] Rec. Doc. 9.

[12] Rec. Doc. 13.

[13] Rec. Doc. 14.

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of Remand*

Plaintiff argues that the case should be remanded because Defendants contractually waived their statutory right of removal by executing a Franchise Agreement that expressly provides for jurisdiction and venue "in any state or federal court of competent jurisdiction located in St. Tammany or Orleans Parish, Louisiana" and further provides that the parties "waive any objection to the jurisdiction and venue of such courts."[14] Plaintiff asserts this clause unambiguously grants Plaintiff the right to select either a state or federal court located in the specified Louisiana parishes and obligates Defendants to submit to that forum without objection.[15] Plaintiff contends that courts interpreting similar language uniformly hold that such provisions preclude removal.[16] In light of the waiver of removal provision included in the Franchise Agreement, Plaintiff argues that Defendants lacked an objectively reasonable basis for removal.[17] Thus, Plaintiff seeks an award of attorney's fees and expenses related to Defendants' improper removal.[18]

### B.    *Defendants' Arguments in Opposition to Remand*

In opposition, Defendants argue that the Franchise Agreement is not a clear and

---

[14] Rec. Doc. 9 at 1.

[15] Rec. Doc. 9-1 at 2.

[16] *Id.* at 5–8.

[17] *Id.* at 8.

[18] *Id.*

3

unequivocal waiver of the right to remove.[19] Defendants assert that the cases Plaintiff relies on are distinguishable because they contained different contractual language.[20] Defendants argue that any ambiguity in the Franchise Agreement should be resolved in favor of removal, not remand, because Louisiana law requires ambiguities in contracts to be interpreted against the drafter.[21] Finally, even if the Court orders remand, Defendants assert that attorney's fees should not be awarded because there is at least a plausible basis for removal.[22]

### C.     *Plaintiff's Arguments in Further Support of Remand*

In reply, Plaintiff contends that Defendants failed to address the dispositive feature of Section 20.8 of the Franchise Agreement—only Defendants waived any objection to jurisdiction and venue in the designated Louisiana courts.[23] According to Plaintiff, the cases Defendants rely upon all involved mutual or bilateral consent clauses, with no party-specific waiver of objections.[24] Plaintiff asserts that it preserved the right to choose among the appropriate forums in the Franchise Agreement, while Defendants expressly surrendered their right to challenge that choice.[25] Therefore, Plaintiff contends that the case should be remanded and attorney's fees should be awarded to Plaintiff.[26]

---

[19] Rec. Doc. 13 at 1.

[20] *Id.* at 5–8.

[21] *Id.* at 11.

[22] *Id.* at 14.

[23] Rec. Doc. 14 at 1.

[24] *Id.*

[25] *Id.* at 2–3.

[26] *Id.* at 4.

### III. Legal Standard

Unless an act of Congress provides otherwise, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[27] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."[28] The removing party bears the burden of demonstrating that federal jurisdiction exists.[29] To determine whether jurisdiction is present for removal, the Court must "consider the claims in the state court petition as they existed at the time of removal," and "[a]ny ambiguities are construed against removal."[30] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[31] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[32]

### IV. Analysis

Plaintiff contends that the case should be remanded because Defendants contractually waived their statutory right of removal by executing a Franchise Agreement that expressly

---

[27] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

[28] 28 U.S.C. § 1332.

[29] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[30] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[31] *Id.*

[32] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

provides for jurisdiction and venue "in any state or federal court of competent jurisdiction located in St. Tammany or Orleans Parish, Louisiana" and further provides that the parties "waive any objection to the jurisdiction and venue of such courts."[33] Defendants argue that the clause does not waive its right to removal, or alternatively, is ambiguous and should be construed to permit removal.[34]

A defendant may waive its right to removal by "explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract."[35] However, "[f]or a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right."[36] "Ambiguous language cannot constitute a 'clear and unequivocal' waiver."[37] The Fifth Circuit has held that there are three ways in which a party may clearly and unequivocally waive its removal rights: (1) by explicitly stating that it is doing so, (2) by allowing the other party the right to choose venue, or (3) by establishing an exclusive venue within the contract."[38] "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."[39]

Section 20.8 of the Franchise Agreement, titled "Jurisdiction," provides:

> YOU AND WE CONSENT AND IRREVOCABLY SUBMIT TO THE

---

[33] Rec. Doc. 9 at 1.

[34] Rec. Doc. 9 at 1.

[35] *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).

[36] *Id.* (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199, 1212 (5th Cir. 1991) and *Waters v. Browning-Ferris Indus. Inc.*, 252 F.3d 796 (5th Cir. 2001)).

[37] *Grand View PV Solar Two, LLC v. Helix Elec., Inc.*, 847 F.3d 255, 257–58 (5th Cir. 2017).

[38] *City of New Orleans*, 376 F.3d at 504.

[39] *Id.*

JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION LOCATED IN ST. TAMMANY OR ORLEANS PARISH, LOUISIANA, AND YOU WAIVE ANY OBJECTION TO THE JURISDICTION AND VENUE OF SUCH COURTS. THE EXCLUSIVE CHOICE OF JURISDICTION DOES NOT PRECLUDE THE BRINGING OF ANY ACTION BY THE PARTIES OR THE ENFORCEMENT BY THE PARTIES IN ANY JUDGMENT OBTAINED IN ANY SUCH JURISDICTION, IN ANY OTHER APPROPRIATE JURISDICTION OR THE RIGHT OF THE PARTIES TO CONFIRM OR ENFORCE ANY ARBITRATION AWARD IN ANY APPROPRIATE JURISDICTION.[40]

The quoted clause asserts a general rule that both Plaintiff (we) and Defendants (you) consent and irrevocably submit to the jurisdiction and venue of any state or federal court of competent jurisdiction located in St. Tammany or Orleans Parish, Louisiana. If the clause stopped there, it could not be read to clearly and unequivocally waive the right to removal. However, the clause goes on to state that Defendants (you) waive any objection to the jurisdiction and venue of such courts. By agreeing to this language Defendants clearly and unequivocally gave Plaintiff the right to choose the venue.

In *Waters v. Browning-Ferris Industries*, the Fifth Circuit considered a contractual provision that stated as follows:

> Company irrevocably (i) agrees that any such suit, action, or legal proceeding may be brought in the courts of such state or the courts of the United States for such state, (ii) consents to the jurisdiction of each such court in any such suit, action or legal proceeding and (iii) waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any of such courts.[41]

The Fifth Circuit found that by agreeing to this provision, the defendant-company "(1) agreed that [the plaintiff] may sue it in an court of Texas, (2) consented to jurisdiction of any court in Texas to decide the case, and (3) waived any objection to venue in any court in Texas."[42] Because

---

[40] Rec. Doc. 4-2 at 62.

[41] *Waters*, 252 F.3d at 797.

[42] *Id.* at 798.

7

removal would "revoke [the] plaintiff's choice to have his case heard" in the Texas state court where it was filed, the Court held that the defendant waived its right to remove the case.[43]

Defendants argue that this case is distinguishable from *Waters* because the clause at issue there was one-sided, where just the defendant agreed to consent to jurisdiction, whereas here both parties consented to jurisdiction and venue in any federal or state court in Orleans or St. Tammany Parish. This argument is in conflict with the plain terms of the Franchise Agreement. Although the Franchise Agreement includes a bilateral agreement requiring that both parties consent to jurisdiction and venue in any federal or state court in Orleans or St. Tammany Parish, the clause goes on to state that Defendants unilaterally waive any objection to the jurisdiction and venue of such courts. Thus, the Fifth Circuit's decision in *Waters* supports the Court's conclusion that Defendants waived the right to remove the case. Because the Franchise Agreement clearly and unequivocally provides that Defendants waive any objection to the jurisdiction and venue, the Court finds that Defendants waived the right to removal.

Plaintiff also requests that costs and attorney's fees be awarded for the improper removal. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[44] The decision to award attorney's fees under Section 1447(c) is within the sound discretion of the Court.[45] The "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[46] Rather, in the absence of "unusual circumstances," this Court may

---

[43] *Id.*

[44] 28 U.S.C. § 1447(c).

[45] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[46] *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012) (internal citations omitted).

award attorney's fees under Section 1447(c) where "the removing party lacks an objectively reasonable basis for seeking removal."[47] Plaintiff has not demonstrated that attorney's fees are warranted in this case. Although the Court finds that Defendants waived the right to removal, the clause at issue was subject to interpretation. Plaintiff has not shown Defendants lacked an objectively reasonable basis for seeking removal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[48] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it requests the case be remanded. The motion is **DENIED** to the extent it requests that costs and attorney's fees be awarded to Plaintiff's counsel.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana for further proceedings.

**NEW ORLEANS, LOUISIANA**, this 23rd day of January, 2026.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[47] *Id.* at 542 (internal citations omitted).

[48] Rec. Doc. 9.

9